**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

Richline Group, Inc. and
Janel Russell Designs, Inc.

Plaintiffs,

v.

Civil No. _____

Coloron Jewelry, Inc. d/b/a Coloron
Jewelry Manufacturing, Ilan Lavian and
Dmitry Marmershteyn

Defendants

**COMPLAINT FOR
COPYRIGHT INFRINGEMENT**

Now come Plaintiffs Richline Group, Inc. ("Richline") and Janel Russell Designs, Inc. ("JRD") (collectively, "Plaintiffs") for their Complaint against Coloron Jewelry, Inc. d/b/a Coloron Jewelry Manufacturing ("Coloron"), Ilan Lavian and Dmitry Marmershteyn (collectively, "Defendants"):

**PARTIES, JURISDICTION AND VENUE**

1.      Richline Group, Inc. is a Delaware corporation with its principal place of business at 1385 Broadway, New York, New York 10018.

2.      Janel Russell Designs, Inc. is a jewelry design company having its principal place of business at 2866 Middle Street, St. Paul, Minnesota 55117.

3.      Upon information and belief Coloron Jewelry, Inc. d/b/a Coloron Jewelry

Manufacturing is a California corporation with its principal place of business located at

2550 N. Hollywood Way, Burbank, California 91505.

4.      Upon information and belief, Ilan Lavian is the majority stockholder and

Vice President/Secretary of Coloron.

5.      Upon information and belief, Dmitry Marmershteyn is a minority

shareholder of Coloron and former Chief Executive Officer.

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 1331 and 1338 as it arises under Title 17 of the United States Code.

7.      This Court has personal jurisdiction over each of the Defendants because a

substantial part of the events giving rise to the claims asserted in this Complaint occurred

in this judicial district, and Defendants are found and are doing business in this judicial

district.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## JANEL RUSSELL CREATES MOTHER AND CHILD DESIGN

9.      For many years, Janel Russell has designed unique pieces of jewelry.

10.     In 1980, Janel Russell created a unique work referred to hereinafter as

"Mother and Child".  The Mother and Child is shown in Exhibit 1 to this Complaint.  The

Mother and Child is subject to U.S. Copyright Registration VAu23-358 granted by the

U.S. Copyright Office on March 2, 1981.  A copy of this registration is attached to this

Complaint as Exhibit 2.  The Mother and Child is also subject to U.S. Copyright

Registration VA111-110 granted on October 18, 1982.  A copy of this registration is

attached as Exhibit 3 to this Complaint.  Both of these registrations have been assigned to JRD.

11.     In subsequent years, Janel Russell created derivative works based upon the original work shown in Exhibit 1.  These works include earrings, lockets, bracelets and pendants and the like.  Other derivative works include a heart-shaped derivation of the Mother and Child design.  The heart-shaped derivation is shown in Exhibit 4 to this Complaint.

12.     Exhibit 5 includes copies of other registrations relating to earrings and rings incorporating the Mother and Child design.  Exhibit 6 is a copy of the assignment documents reflecting that Janel Russell Designs, Inc. had ownership of these copyright registrations.

13.     Since 1981, products incorporating the Mother and Child design and derivations thereof have been sold pursuant to license by a variety of entities.  All copies of the Mother and Child work and derivatives thereof made by JRD or under its authority or license have been published in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.  As a result of the efforts undertaken by JRD and its authorized licensees, products incorporating the Mother and Child design have become widely successful commercial products.  More than one million such products have been sold.  To date, over one million units have been shipped on a wholesale basis representing approximately $40 million.  Sales continue to increase.  In fact, annual sales have more than doubled between 1994 and 2011.  Products incorporating the Mother and Child are or have been widely available in Canada, Europe,

South Africa, Australia and New Zealand.  From 1981 through 2009, JRD's licensees advertised products incorporating the work in various magazines and trade publications such as JCK and Modern Jeweler.  Since 1981, newspaper ads have been run by various retailers who carry the product.  The Mother and Child design has been shown in the annual JCK Jeweler's Directory virtually every year since 1983.  From 1990 through present, the Mother and Child design has been advertised in other JCK publications.  Since 1996, the Mother and Child design has been advertised in Modern Jeweler.  The Mother and Child design has also been advertised in periodicals such as In Store, Professional Jeweler, Jewelers, Inc., IJO, RJO, Luxury and USA Today.  Nearly all of these ads include a picture of the Mother and Child work.  The Mother and Child has also been displayed at various trade shows from 1982 to present.

14.     In order to maximize exploitation of her intellectual property rights, Ms. Russell formed JRD.

15.     On October 13, 2009, JRD assigned legal title in the Mother and Child copyrights to Richline, but retained a beneficial interest in the copyright by virtue of royalties it receives from Richline from the sale of Mother and Child jewelry.

16.     Richline has continued many of JRD's efforts to promote the Mother and Child.

## DEFENDANTS' PREDECESSOR IS ENJOINED FROM INFRINGING THE MOTHER AND CHILD

17.     In 2003, Ms. Russell discovered that her copyright was being infringed by MGM Jewelry Mfg., Inc. ("MGM"), a California corporation with its principal place of

business located at 1641 Allesandro Street, Los Angeles, California 90026.  On or about

December 17, 2003, JRD filed a lawsuit against MGM in the U.S. District Court for the

District of Minnesota for infringing the copyrights for the Mother and Child design.  The

case was captioned Janel Russell Designs, Inc. v. MGM Jewelry Mfg., Inc., Civil No. 03-

CV-6498 (RHK-AJB).

18.     Upon information and belief, the President of MGM at the time JRD sued

MGM was Dmitry Marmershteyn.

19.     On or about July 29, 2004, the Court entered an "Order for Default

Judgment" against MGM.  Pursuant to the Court's Order, JRD was awarded $35,000.00

in damages and $8,668.25 in attorneys' fees and costs.  In addition, the Court enjoined

MGM Jewelry Mfg., Inc., its officers, agents, servants, employees, and attorneys and

those persons in active concert or participation with them from importing, producing,

distributing or preparing derivatives of the Mother and Child design.  A copy of the Order

for Default Judgment is attached as Exhibit 7.

20.     Mr. Marmershteyn dissolved MGM and JRD has never collected the

judgment against MGM.

### COLORON MOTHER AND CHILD JEWELRY
### WITHOUT AUTHORIZATION

21.     Upon information and belief, Mr. Marmershteyn and Ilan Lavian formed

Coloron Jewelry, Inc. in the State of California with its principal place of business at

1641 Allesandro St., Los Angeles, California 90026.  Coloron operated at the same

address as MGM for many years.  Mr. Lavian owns 94% of the capital stock in Coloron

and Mr. Marmershteyn owns the remaining stock.

22.     In 2011, Plaintiffs became aware that Coloron was advertising, offering for

sale, selling and otherwise distributing through JC Penney stores across the country,

including within this judicial district, a 3-piece set of jewelry pieces which infringe the

Mother and Child copyrights (hereinafter "the Infringing Set").  Ms. Russell ordered the

Infringing Set from the JC Penney website and JC Penney shipped the Infringing Set to

Ms. Russell at her place of business in Minnesota.  Attached as Exhibit 8 to this

Complaint is a true and accurate copy of a printout from JC Penney's e-commerce

website confirming Ms. Russell's order of the Infringing Set. Attached as Exhibit 9 are

instructions on how to return the Infringing Set to the manufacturer, identified as

Coloron.  The Infringing Set is shown below, and a true and accurate copy of a

photograph of the Infringing Set is attached as Exhibit 10 to this Complaint.



23.     Below is a side-by-side comparison of the Mother and Child to the pieces featured in the Infringing Set.  A side-by-side comparison of the Mother and Child to the pieces featured in the Infringing Set is also attached as Exhibit 11 to this Complaint.



| Original Mother and Child Oval-Shaped Design | Coloron's Infringing Set |
| --- | --- |

24.     Ilan Lavian is the dominant shareholder of Coloron and controls its operations and likely authorized and controlled the unauthorized distribution of the Infringing Set by selecting and supplying vendors with unauthorized Infringing Sets.

25.     Dmitry Marmershteyn is a mutual shareholder of both MGM and Coloron, and was therefore aware of the Mother and Child copyright and the injunction against MGM, and therefore that knowledge is imputed to Coloron.

## COUNT I: COPYRIGHT INFRINGEMENT

26.     The allegations from the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

27.     Richline's Mother and Child work and derivatives thereof are covered by its copyright registrations, are each original and constitute copyrightable subject matter.

28.     JRD and Richline have complied in all respects with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. and have secured their rights and privileges in the original Mother and Child work and derivatives thereof and have obtained Certificates of Registration from the Registrar of Copyrights, the United States Copyright Office.  The registrations for the original Mother and Child work shown in Exhibit 1 were effective prior to the commencement of infringement by Defendants.

29.     The exclusive rights granted to the copyright owner under 17 U.S.C. § 106 include (a) the right to reproduce the copyrighted works and copies; (b) the right to prepare derivative works on the copyrighted work; and (c) the right to distribute copies of the copyrighted work to the public.

30.     Pursuant to 17 U.S.C. § 105, an infringer is one who violates the exclusive rights of the copyright owner as provided in 17 U.S.C. § 106.

31.     Coloron has had access to Richline's copyrighted works, is copying Richline's copyrighted works and is distributing copies of Richline's copyrighted works within the United States, all exceeding and without the authorization of Richline and in violation of Richline's rights under the Copyright Laws of the United States.

32.     The acts of the Defendants have been willful, deliberate and despite Plaintiffs' notice of copyright, all to the profit of Defendants and to the damage and injury of Plaintiffs.  Such damage and injury is irreparable and will continue unless the

Court enjoins such infringement.  The wrongful acts of the Defendants have caused the Plaintiffs substantial monetary damage in an amount yet to be determined.

33.     JRD has been damaged by virtue of the lost royalties it is to receive from Richline caused by Coloron's infringement.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for entry of judgment in favor of Plaintiffs and against Defendants providing:

1.     That Coloron, its officers, employees, agents, independent contractors and all other persons acting in active concert or participation with them, be preliminarily and then permanently enjoined from:

(a)     advertising, promoting, commercializing, selling, offering for sale, distributing or otherwise copying copies of the Mother and Child design;

(b)     otherwise infringing the Mother and Child copyrights; and

(c)     benefitting from their misuse, misappropriation, pirating and theft of the Mother and Child design.

2.     That Coloron be found in contempt of court by virtue of its relationship with MGM Jewelry Mfg., Inc. and its violation of the Order for Default Judgment.

3.     That all infringing articles be delivered to Richline for destruction.

4.     That Defendants pay Plaintiffs the greater of Plaintiffs' actual damages, Defendants' profits or statutory damages as provided in 17 U.S.C. § 504(c).

5.     That any monetary award be increased in accordance with 17 U.S.C. § 504(c)(2) as willful acts.

6.     That the Plaintiffs be awarded their costs and attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

7.     Awarding Plaintiffs such other relief as this Court deems necessary and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

**Date:**  October 18, 2011                    /s/Peter G. Nikolai
                                               Peter G. Nikolai (#322,052)
                                               James T. Nikolai (#144,101)
                                               NIKOLAI & MERSEREAU, P.A
                                               900 Second Avenue South, Suite 820
                                               Minneapolis, MN 55402
                                               Telephone: (612) 339-7461
                                               Facsimile: (612) 349-6556

                                               **ATTORNEYS FOR PLAINTIFFS
                                               RICHLINE GROUP, INC. AND
                                               JANEL RUSSELL DESIGNS, INC.**